IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Carla R Clift** | |
| | Name: First    Middle    Last | |
| Debtor 2 | | |
| (Spouse, if filing) | Name: First    Middle    Last | |
| Case number: | | |
| (If known) | | |

Check if this is an amended plan ☑
Amends plan dated:   April 17, 2019

# Chapter 13 Plan

### Part 1:   Notices

**To Debtor(s):**   **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.  Your failure to check a box that applies renders that provision ineffective*.

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☑ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

### Part 2:   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

**$1120** per **Month** for **2** months
**$1146** per **Month** for **1** month
**$1222** per **Month** for **57** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2**   **Regular payments to the trustee will be made from future income in the following manner** (*check all that apply*):

☑   Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:
   **JF Drake State Comm & Tech College**
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment)

| Debtor | **Carla R Clift** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

### 2.3 Income tax refunds and returns. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 Adequate Protection Payments

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| **Wells Fargo Hm Mortgag** | **3311 Farris Drive NW Huntsville, AL 35810** | $71,996.00 | $898.30 Disbursed by: **Debtor** To Begin: | $10,193.57 | all arrearage thorugh February 2019 | $309.00 | |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below:
1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| Chrysler Financial/TD Auto | $200.00 | $19,993.48 | 2017 Honda Accord | $19,993.48 | 6.5% | $607.00 | |
| Republic Finance | $15.00 | $5,921.00 | Electronics | $2,500.00 | 5.25% | $180.00 | |

**3.4** **Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed and need not be reproduced.*
*The rest of § 3.4 will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **Total avoidance.** Debtor(s) seek to totally avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment equals or exceeds the amount of the lien or security interest. Unless otherwise ordered by the court, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided in its entirety (as to the property described) upon entry of the order confirming the plan, and, unless otherwise provided by this plan or otherwise ordered, the creditor's entire claim will be treated as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(This section should be used if, after deducting the amount(s) of Debtor(s)' available exemption(s) and of any mortgage lien(s) or other unavoided lien(s) and security interest(s) that encumber the subject property, Debtor(s) have no equity in the property. Debtor(s)' schedules contain information regarding the property value(s) and information regarding the mortgage(s) and other lien(s) and security interest(s) that encumber the property).*

| Name of Creditor | Amount of Lien or Non-PPM Security Interest | Proof of Claim Number (if a claim is filed) | Property Description (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be sufficient property description. For an Non-PPM security interest, describe the items pledged as collateral for the claim) | Lien/Non-PPM Security Interest Identification (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information.) |
|---|---|---|---|---|
| Redstone Fcu | $3,014.00 | | Property claimed as homestead y the Debtor located at 3311 Farris Dr. NW, Huntsville, AL 35810 All personal property as well as any property acquired by the Debtor after filing of the bankruptcy petition on 2/22/2019 | 11/27/2018 **Instrument # 2018-00074829** **Madison County, AL** |

☐ **Partial avoidance.** Debtor(s) seek to partially avoid the judicial lien(s) or Non-PPM security interest(s) securing the claim(s) listed below because each impairs Debtor(s)' available exemption(s) and the extent of the impairment is less than the amount of the lien or security interest. Unless otherwise ordered, a judicial lien or Non-PPM security interest securing a claim listed below will be avoided to the extent that it impairs such exemption(s) upon entry of the order confirming the plan. The amount of the judicial lien or Non-PPM security interest that is *not* avoided will be paid in full as a secured claim under the plan, as set forth below. Unless otherwise provided by this plan or otherwise ordered, the amount by which the creditor's claim exceeds the amount of the secured claim listed below shall be paid as an unsecured claim in Part 5 to the extent allowed. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *(If more than one lien or security interest is to be partially avoided, a separate chart must be used for each. Insert additional charts in § 3.4 as needed.)*

| Debtor | Carla R Clift | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

| Information Regarding Judicial Lien or Non-PPM Security Interest | Calculation of Judicial Lien or Non-PPM Security Interest Avoidance | | Treatment of Remaining Secured Claim |
|---|---|---|---|
| **Name of Creditor** <br> -NONE- | **a.** List the value of the *entire* Property: <br> **b.** List the total value of all mortgage lien(s) and other <u>unavoided</u> lien(s) or security interest(s) encumbering the Property: <br> **c.** Subtract line "b" from line "a" (This is referred to as the "Equity")**:** | | **Amount of Secured Claim After Avoidance** (line "f") |
| **Proof of Claim Number** (if a claim is filed): | **d.** If Debtor(s) are the sole owner(s) of the property, list the entire amount from line "c". If there are additional owners calculate Debtor(s)' share of the Equity (e.g. divide line "c" by the number of owners) **and list that amount :** <br> **e.** List the total amount of all available exemption(s): | | **Interest Rate** (if applicable): <br> % |
| **Lien / Non-PPM Security Interest Identification** (For a judicial lien, provide the recording information for the instrument that gave rise to the judicial lien, including the date of the recording, the book and page numbers or instrument number, and the county of the recording office. For a Non-PPM security interest, list the date of the security agreement, the UCC filing number, or other identifying information): | **f.** Subtract line "e" from line "d" (This is the amount of the remaining secured claim.): <br> **g.** Amount of the judicial lien or Non-PPM security interest to be avoided: <br> **h.** Subtract line "f" from line "g": *(This is the portion of the lien or security interest that is avoided.):* | | **Monthly Fixed Payment on Secured Claim** <br><br> **Monthly Fixed Payment to Begin:** |
| **Description of Property** (the "Property") (For a judicial lien, "the real and personal property of the judgment debtor situated in the count(ies) where the judgment lien is recorded" may be a sufficient property description. For a Non-PPM security interest, describe the items pledged as collateral for the claim.): | | | *DO NOT USE THIS CHART FOR JUDICIAL LIENS OR NON-PPM SECURITY INTERESTS THAT DEBTOR(S) SEEK TO AVOID IN THEIR ENTIRETY.* |

**3.5** **Surrender of collateral.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☑ Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the surrender of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| **Bank Of America** | **106 Calstock Court Huntsville, AL 35810** <br> **Will surrender** |
| **Ditech** | **106 Calstock Court Huntsville, AL 35810** <br> **Will surrender** |
| **World Finance** | **2002 Honda Civic** <br> **Will surrender** |

**Part 4:** **Treatment of Fees and Priority Claims**

| Debtor | **Carla R Clift** | Case number | | Eff (01/01/2019) |
|---|---|---|---|---|

**4.1  General**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2  Chapter 13 case filing fee.** *Check one.*

- ☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
- ☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3  Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $**3,750.00**. The amount of the attorney fee paid prepetition is $**67.00**. The balance of the fee owed to Debtor(s)' attorney is $**3,683.00**, payable as follows (*check one*):

- ☐ $ at confirmation and $ per month thereafter until paid in full, or
- ☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4  Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

- ☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations.** *Check one.*

- ☑ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2  Percentage, Base, or Pot Plan.** *Check one.*

- ☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
- ☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
- ☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
- ☑ Base Plan. This plan proposes to pay $ **73,040.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

**5.3  Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4  Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

- ☑ Debtor(s) will maintain the contractual installment payments and cure any default in payments on the nonpriority unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim or amended proof of claim control over any contrary amount listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|

| Debtor | Carla R Clift | Case number | | Eff (01/01/2019) |

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Current Installment Payment | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|
| Dept of Ed / Navient | $258,146.00 | $0.00/deferred<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s)<br>To begin: | | | | |

**5.5** Other separately classified nonpriority unsecured claims. *Check one*.

    ☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*

    ☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2** The executory contracts and unexpired leases listed below are rejected: *Check one.*

    ☐ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

    ☑ **Rejected items.**

| Ruby Ann Luckett | Will reject lease and surrender rental property |
|---|---|

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of the Estate

**8.1** **Property of the estate will vest in Debtor(s)** *(check one)*:

    ☑ Upon plan confirmation.

    ☐ Upon entry of Discharge

### Part 9: Nonstandard Plan Provisions

    ☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

### Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

**Signature(s) of Debtor(s)** *(required)*:

**X** /s/Carla R. Clift      Date 5/15/2019

| | | | | |
|---|---|---|---|---|
| Debtor | **Carla R Clift** | Case number | | Eff (01/01/2019) |

**Carla R Clift**

X _____    Date

**Signature of Attorney for Debtor(s):**

X   /s/Ronald C. Sykstus    Date   5/15/2019
**Ronald C. Sykstus**
**225 Pratt Avenue NE**
**Huntsville, AL 35801-4008**
**256-539-9899**

Name/Address/Telephone/Attorney for Debtor(s):

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

Local Form Number LR 3015-1(c) (12/17)

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE: Carla R. Clift
      xxx-xx-2486
          Debtor.

CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN CONTAINING VALUATION, LIEN AVOIDANCE, § 1301 CO-DEBTOR STAY RELIEF, OR CONTAINING A NON-STANDARD PROVISION REQUIRING RULE 7004 SERVICE

Debtor(s)' chapter 13 plan dated <u>May 15, 2019</u> (Doc. _) (check all that apply):

[x] seeks to value collateral and cram down one or more secured claims in Part 3.2
[ ] seeks to avoid one or more liens in part 3.4
[ ] requests termination of the § 1301 co-debtor stay in Part 3.5
[ ] sets out one or more non-standard provisions in Part 9, requiring service under Rule 7004.

In accordance with Local Rule 3015-1(c), I certify that the creditors whose claims are affected have been served as follows:

| Creditor name and address (If the creditor is an entity other than an Insured Depository Institution ("IDI")*, identify the officer, managing agent, general agent, or other agent authorized to receive process to whose attention service was made. If the entity is an IDI, identify the officer to whose attention service was made via certified mail.) | Method of service |
|---|---|
| Bank of America<br>Attn: Brian Thomas Moynihan, CEO<br>100 North Tyron Street<br>Charlotte, NC 28255 | [ ] First Class Mail<br>[x] Certified Mail No. 70172400000077772496 |
| Ditech<br>Attn: Thomas Marano, CEO<br>Dept CH 9052<br>Palatine, IL 60055-9052 | [ ] First Class Mail<br>[x] Certified Mail No. 70172400000077772502 |
| Republic Finance<br>Capitol Corporate Services Inc, Registered Agent<br>2 North Jackson St. Ste. 605<br>Montgomery, AL 36104 | [x] First Class Mail<br>[ ] Certified Mail No. |
| World Finance<br>Attn: Tammie Brown, Registered Agent<br>5092 Summerville Rd.<br>Boaz, AL 35957 | [x] First Class Mail<br>[ ] Certified Mail No. |

*Most IDI's are banks, credit unions, or savings & loan associations.

In accordance with Local Rule 3015-1(c), I certify that the § 1301 co-debtor(s) who are subject to the termination of the § 1301 co-debtor stay have been served via First Class U.S. Mail as follows:

""
| Name and address | Creditor | Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

Under penalty of perjury, I declare that the foregoing is true and correct.

Date  5/15/2019                            /s/Ronald C. Sykstus
                                                         Ronald C. Sykstus
                                                         Amy K. Tanner
                                                         James W. Ezzell, Jr.
                                                         Kathryn V. Davis
                                                         Attorney for Debtor

OF COUNSEL:

BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

In Re:                                              Case No: 19-80553 -CRJ-13
    **Carla R. Clift**
    **xxx-xx-2486**

    **Debtor,**

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the above and foregoing on, **all listed creditors on the matrix and Michele T. Hatcher, Chapter 13 Standing Trustee, by** placing the same in the United States mail properly addressed and first class postage prepaid on this 15th day of May, 2019.

                                                 /s/Ronald C. Sykstus
                                                 OF COUNSEL

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: Carla R. Clift ) Case #: 19-          -CRJ-13
xxx-xx-2486 )
)
Debtor )

### AFFIDAVIT IN SUPPORT OF MOTION TO VALUE PERSONAL PROPERTY AND OBJECTION TO PROOF OF CLAIM

Before me, the undersigned authority, a notary public in and for the State of Alabama at large, personally appeared, Carla R. Clift, who is known to me, and who, being by me first duly sworn, deposes and says as follows:

My name is Carla R. Clift. I am the owner of the following described property: Wood Utility Shed and personal property

I offer this affidavit of my opinion of the value of this Wood Utility Shed and personal property in support of my motion to value this property, and pursuant to Rule 9017 Federal Rules of Bankruptcy Procedure and Rule 43(e) Federal Rules of Civil Procedure.

I have owned this Wood Utility Shed and personal property for approximately 2 years. I have used/operated this Wood Utility Shed and personal property during the entire time I have owned it. I have examined it and I am familiar with its condition and the condition of any accessories.

I have an opinion of the value of this Wood Utility Shed and personal property. In my opinion, the fair market value of this Wood Utility Shed and personal property was $2,500.00 as of February 18, 2019. My opinion is based upon my ownership, use and knowledge of the condition of this Wood Utility Shed and personal property, and the features or additions thereto. In forming my opinion I have also consulted materials that indicate what similar items of personal property are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers.

Dated: 2/18/19

x *Carla R. Clift*
AFFIANT SIGNATURE

Sworn to and subscribed before me this the 18th day of February 2019.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES
6/14/2020

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: Carla R. Clift ) Case #: 19- -CRJ-13
xxx-xx-2486 )
)
Debtor )

### AFFIDAVIT IN SUPPORT OF MOTION TO VALUE PERSONAL PROPERTY AND OBJECTION TO PROOF OF CLAIM

Before me, the undersigned authority, a notary public in and for the State of Alabama at large, personally appeared, Carla R. Clift, who is known to me, and who, being by me first duly sworn, deposes and says as follows:

My name is Carla R. Clift. I am the owner of the following described property: Electronics and personal property

I offer this affidavit of my opinion of the value of this Electronics and personal property in support of my motion to value this property, and pursuant to Rule 9017 Federal Rules of Bankruptcy Procedure and Rule 43(e) Federal Rules of Civil Procedure.

I have owned this Electronics and personal property for approximately 3 years. I have used/operated this Electronics and personal property during the entire time I have owned it. I have examined it and I am familiar with its condition and the condition of any accessories.

I have an opinion of the value of this Electronics and personal property. In my opinion, the fair market value of this Electronics and personal property was $2,500.00 as of February 18, 2019. My opinion is based upon my ownership, use and knowledge of the condition of this Electronics and personal property, and the features or additions thereto. In forming my opinion I have also consulted materials that indicate what similar items of personal property are selling for in my geographical area, such as newspaper ads, shoppers and advertisements by retailers.

Dated: 2/18/19

x /s/ Carla R. Clift
AFFIANT SIGNATURE

Sworn to and subscribed before me this the 18th day of February, 2019.

NOTARY PUBLIC

MY COMMISSION EXPIRES
6/14/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: Carla R. Clift
**xxx-xx-2486**

Debtor

## **STATEMENT OF DEBTOR**

State of Alabama
County of Madison

Before me the undersigned Notary Public, in and for said county and state, personally appeared Carla R. Clift, who is known to me, and after, by me being first duly sworn, and under oath, did depose and says as follows:

My name is Carla R. Clift. I am the Debtor in the above-styled cause. I attest that a judicial lien has been filed in the office of probate in Madison County, Alabama. Said lien is docketed at **Instrument #2018-00074829** as recorded by **Redstone Federal Credit Union**.

_____2/18/19_____          _____Carla R. Clift_____
Date                                       Carla R. Clift

Sworn to and subscribed before me, the undersigned Notary Public, on this the __18th__ day of _____, 2018.

MY COMMISSION EXPIRES
6/14/2020

_____
Notary Public

| State of Alabama<br>Unified Judicial System<br>Form C-28   Rev. 10/99 | **CERTIFICATE OF JUDGMENT** | Case Number<br>SM18-904226PDD |
|---|---|---|

IN THE _____DISTRICT_____ COURT OF _____MADISON COUNTY_____, ALABAMA
(Circuit or District)                                     (Name of County)

Redstone Federal Credit Union   v.   Carla Clift
**Plaintiff**                                               **Defendant**

3311 Farris Dr.
Defendant's Address
Huntsville, AL 35810
City                State               Zip Code

Doc ID: 021411590001 Type: COJ
Filed/Cert: 11/27/2018 09:55:00 AM
Fee Amt: $25.75 Page 1 of 1
Madison County, AL
TOMMY RAGLAND   Probate Judge
File **2018-00074829**

Defendant's Telephone Number

Names and Addresses of Additional Parties to the
Judgment: (attach separate sheets if necessary)

I, Clerk of the above-named Court, hereby certify that on (date) _____October 9, 2018_____ plaintiff(s) recovered of defendants(s) in the Court a judgment ☐ with ☑ without waiver of exemptions for the sum of $ _2,831.71_ plus $ _182.29_ in court costs.

X C. Howard Grisham, P.O. Box 5585, Huntsville, AL 35814   256-837-5100 is plaintiff's attorney of record.

Given under my hand this date _11-13-18_.

_____Debra King_____
Clerk

I certify that this instrument was filed for record in my office on (date) _____ at (time) _____
_____ and duly recorded in book _____ page _____.

Judge of Probate

Filed/Cert: 11/27/2018 09:55:00 AM
Fee Amt: $25.75 Page 1 of 1
Madison County, AL
TOMMY RAGLAND   Probate Judge
File **2018-00074829**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-80553-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Tue Apr 16 12:43:23 CDT 2019 | BANK OF AMERICA, N.A.<br>P O Box 31785<br>TAMPA, FL 33631-3785 | Redstone Federal Cedit Union<br>c/o C. Howard Grisham<br>Post Office Box 5585<br>Huntsville, AL 35814-5585 |
| Republic Finance, LLC | TD Auto Finance, LLC<br>1715 Aaron Brenner Drive, Suite 800<br>Memphis, TN 38120-1445 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 |
| (p)1ST FRANKLIN FINANCIAL CORPORATION<br>PO BOX 880<br>TOCCOA GA 30577-0880 | 1st Franklin Financial<br>6200 Mastin Lake Rd, Ste D<br>Huntsville AL 35810-2952 | 1st Franklin Financial Corporation<br>Attn: Administrative Services<br>P.O. Box 880<br>Toccoa, GA 30577-0880 |
| Bank Of America<br>4909 Savarese Circle<br>Fl1-908-01-50<br>Tampa FL 33634-2413 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America<br>PO Box 650225<br>Dallas TX 75265-0225 |
| Bank of America<br>PO Box 851001<br>Dallas TX 75285-1001 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 | Big Picture<br>PO Box 704<br>Watersmeet MI 49969-0704 |
| C Howard Grisham<br>Attorney at Law<br>PO Box 5585<br>Huntsville AL 35814-5585 | Capital One<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City UT 84130-0285 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Capitla One<br>PO Box 71083<br>Charlotte NC 28272-1083 | Cash Net USA<br>PO Box 206739<br>Dallas TX 75320-6739 | Charles Howard<br>2556 Carters Gin Road<br>Toney AL 35773-5717 |
| Chrysler Financial/TD Auto<br>Attn: Bankruptcy<br>Po Box 9223<br>Farmington Hills MI 48333-9223 | Client Services<br>3451 Harry S Truman Blvd<br>Saint Charles MO 63301-9816 | Council Federal Credit Union<br>4900 Meridian St<br>Normal AL 35762-7500 |
| Covington Credit<br>8498 Madison Blvd Ste 1<br>Madison AL 35758-2048 | Covington Credit/smc<br>150 Executive Center Drive<br>Greenville SC 29615-4505 | Dept of Ed / Navient<br>Attn: Claims Dept<br>Po Box 9635<br>Wilkes-Barre PA 18773-9635 |
| Ditech<br>Attn: Bankruptcy<br>Po Box 6172<br>Rapid City SD 57709-6172 | Ditech<br>PO Box 94710<br>Palatine IL 60094-4710 | First National Bank of Omaha<br>PO Box 2557<br>Omaha NE 68103-2557 |

| | | |
|---|---|---|
| First National Bank of Omaha<br>c/o BQ & Associates, PC, LLO<br>14211 Arbor Street, Suite 100<br>Omaha, NE 68144-2312 | First National Bank/Omaha<br>Attn: Bankruptcy<br>Po Box 2490<br>Omaha NE 68103-2490 | Kiietti Walker-Parker<br>132 Crownridge Drive<br>Madison AL 35756-4135 |
| Lakeshore Loans<br>PO Box 764<br>Lac Du Flambeau WI 54538-0764 | Mariner Finance<br>11220 Memorial Parkway SW<br>Huntsville AL 35803-4415 | Mariner Finance<br>Attn: Bankruptcy<br>8211 Town Center Dr<br>Nottingham MD 21236-5904 |
| Maxlend Loan<br>PO Box 639<br>Parshall ND 58770-0639 | Naderpour & Associates<br>200 Office Park Drive<br>Suite 114<br>Birmingham AL 35223-2454 | OneMain<br>4925 University Drive<br>Ste 112<br>Huntsville AL 35816-1849 |
| OneMain Financial<br>Attn: Bankruptcy<br>601 Nw 2nd Street<br>Evansville IN 47708-1013 | OneMain Financial<br>PO Box 3251<br>Evansville, IN 47731-3251 | PO Box 1329, Kahnawake, Quebec J0L 1B0<br>P.O.Box 1329<br>Kahnawake, Qc J0L1B0<br>PO Box 1329, Kahnawake, Quebec J0L 1B0<br>PO BOX 1329 Kahnawake, Qc J0L1B0 |
| Radius Global Solutions<br>7831 Glenroy Rd<br>Minneapolis MN 55439-3117 | Rapital Capital<br>40 E Main St<br>Ste 508R<br>Newark DE 19711-4639 | Redstone Fcu<br>Attn: Bankruptcy Dept<br>220 Wynn Drive<br>Huntsville AL 35893-0001 |
| Redstone Federal Credit Union<br>c/o C. Howard Grisham<br>P.O. Box 5585<br>Huntsville, AL 35814-5585 | Republic Finance<br>3503 Memorial Parkway NW E<br>Huntsville AL 35810 | (p)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 |
| Ruby Ann Luckett<br>106 Calstock Ct<br>Huntsville AL 35810-6211 | Service Loan<br>1012 A Jordan Lane<br>Huntsville AL 35816-3026 | Service Loan<br>Po Box 2935<br>Gainesville GA 30503-2935 |
| Sirote & Permutt<br>PO Box 55727<br>Birmingham AL 35255-5727 | Sun Loan Company<br>1407 Memorial Pkwy<br>Ste 20<br>Huntsville AL 35801-5935 | TD Auto Finance, LLC<br>P.O. Box 16041<br>Lewiston, ME 04243-9523 |
| The Bank Of New York Mellon FKA The Bank***<br>Bank of America, N.A.<br>PO Box 31785<br>Tampa, FL 33631-3785 | Wells Fargo<br>PO Box 9210<br>Des Moines IA 50306-9210 | (p)WELLS FARGO BANK NA<br>1 HOME CAMPUS<br>MAC X2303-01A<br>DES MOINES IA 50328-0001 |
| Wells Fargo Bank, N.A., Wells Fargo Card Ser<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA  50306-0438 | Wells Fargo Financial<br>7000 Vista Drive<br>West Des Moines IA 50266-9310 | (p)WELLS FARGO BANK NA<br>WELLS FARGO HOME MORTGAGE AMERICAS SERVICING<br>ATTN BANKRUPTCY DEPT MAC X7801-014<br>3476 STATEVIEW BLVD<br>FORT MILL SC 29715-7203 |

| | | |
|---|---|---|
| Wells Fargo Mortgage Company<br>PO Box 51120<br>Los Angeles CA 90051-5420 | World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | Zarzaur & Schwartz<br>PO Box 11366<br>Birmingham AL 35202-1366 |
| Carla R Clift<br>3311 Farriss Drive<br>Huntsville, AL 35810-3344 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | Ronald C Sykstus<br>Bond Botes SykstusTanner & Ezzell PC<br>225 Pratt Avenue NE<br>Huntsville, AL 35801-4008 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| 1st Franklin<br>135 E Tugalo Street<br>Toccoa GA 30577 | Bank Of America<br>Attn: Bankruptcy<br>Po Box 982238<br>El Paso TX 79998 | Republic Finance, LLC<br>282 Tower Road<br>Ponchatoula, LA 70454 |
| Wells Fargo Bank<br>Attn: Bankruptcy Dept<br>Po Box 6429<br>Greenville SC 29606 | Wells Fargo Hm Mortgag<br>8480 Stagecoach Cir<br>Frederick MD 21701 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Bank Of America, N.A. | (u)Ditech Financial LLC | End of Label Matrix<br>Mailable recipients   65<br>Bypassed recipients    2<br>Total                   67 |